

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 20, 1962

Honorable John C. White
Commissioner of Agriculture
Capitol Building
Austin 11, Texas

Opinion No. WW-1317

Re: Whether an appointment to an
unclassified seasonal position
disqualifies such appointee
for later appointment to a
classified position at a rate
of pay not to exceed the mid-
point, provided he has "marked-
Dear Mr. White:     ly superior qualifications."

We are in receipt of your request for opinion on the
above question.

In regard to employees in your Department we quote from
your letter as follows:

"Several applicants having 'superior qualifi-
cations' have been employed in _seasonal_ positions.
Some of these, after several months of duty in
such positions, have been appointed to _classified_
positions at salaries above the minimum because
they not only have 'superior qualifications' but
have demonstrated superior performance as well.
We have considered these individuals 'new employees'
insofar as _classified_ positions are concerned. In
connection with our March payroll the Comptrollers'
Office has questioned such appointments.

"We respectfully request your opinion on the
following question:

"Does appointment to an unclassified seasonal
position disqualify an applicant for later appoint-
ment to a classified position at a rate not to
exceed the mid-point, provided he has 'markedly
superior qualifications?'"

The Position Classification Act of 1961, codified as
Article 6252-11 of Vernon's Civil Statutes states in part as
follows:

"Sec. 2.  <u>All regular, full-time salaried employ-
ments</u> within the departments and agencies of the State
specified in Article III . . . of the biennial Appro-
priations Act shall conform with the Position Classi-
fication Plan hereinafter described and with the salary
rates and provisions of the applicable Appropriations
Act commencing with the effective date of this Act <u>with
the exceptions and deferments hereafter provided in
this Section</u>.

      " . . .

      "<u>Specifically excepted from the Position Classi-
fication Plan hereinafter described are . . . hourly
employees, part-time, and temporary employees</u>; . . ."
(Emphasis added)

      The above language indicates to us that seasonal employ-
ees would not be considered regular or full-time salaried employ-
ees, but would be part time or temporary employees, and as such
were specifically excepted from the provisions of the Position
Classification Act of 1961.

      Subdivision B of Section 13 of Article III of Senate
Bill 1, Acts. 57th Leg., 1st C.S. 1961, Ch. 62, p. 203 states in
part as follows at page 381:

      "B.  Hiring policies.  (1) New Employees.
New employees will be started at the minimum salary
of the range to which the position is assigned; how-
ever, the department head is authorized to employ
below the prescribed minimum during the periods of
training not to exceed six (6) months.

      "(2) Application of Mid-Point.  <u>If the appli-
cant has qualifications markedly superior to the
minimum desired requirements of the position, the
department head may set the salary of the position
at not more than the mid-point of the assigned
salary range</u>.  Notification of this action will be
made to the Classification Officer.  Consideration
may be given to past experience of the employee in
other state departments or agencies in determining
the salary level of employment."  (Emphasis added)

      Since seasonal or temporary employees are not subject
to the Position Classification Act of 1961, it follows from the
above language that such employees are to be considered "new
employees," if appointed to a classified position, and, if they
possess "markedly superior" qualifications, you may place their

salary at not more than the mid-point of their respective salary ranges. The Comptroller of Public Accounts is authorized to issue warrants for their newly-designated salaries. Your question propounded to us is therefore answered negatively.

## S U M M A R Y

Seasonal or temporary employees are not subject to the Position Classification Act of 1961, and therefore may be considered new employees if appointed to a classified position. Such employees may be placed at not more than the mid-point of their salary range if they posses markedly superior qualifications.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Fred D. Ward
Assistant

FDW:jkr

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

John Reeves
Arthur Sandlin
Joseph Trimble
Elmer McVey

REVIEWED FOR THE ATTORNEY GENERAL

By: Houghton Brownlee, Jr.